UNITED STATES v. MAYERS.

(District Court, W. D. Virginia. December 11, 1896.)

POSTMASTERS — UNDERPAYMENTS TO LETTER CARRIERS—EXPERIMENTAL FREE DELIVERY OFFICES—INDICTMENT.

A postmaster at an experimental free delivery office, designated by the postmaster general, pursuant to the joint resolution of October 1, 1890, is an officer of the United States, charged with the payment of an appropriation made by act of congress, within the meaning of Rev. St. § 5483, and is in-

dictable thereunder for paying to a letter carrier, employed in such experimental free delivery, less than the amount provided by law, and requiring them to give vouchers for a sum greater than that paid to them.

Indictment for Violating Section 5483, Rev. St.    On demurrer to the indictment.

A. J. Montague, U. S. Atty.

R. T. Barton and Liggett & Strayer, for defendant.

PAUL, District Judge.    This is an indictment charging the defendant with violating section 5483 of the Revised Statutes of the United States.    The defendant demurs to the indictment, on the ground that the offense charged therein does not constitute an offense against the laws of the United States.

The first count in the indictment is as follows:

"The jurors of the United States of America, within and for the district and circuit aforesaid, on their oaths present that G. F. Mayers, late of Frederick county, in the district aforesaid, at said county, heretofore, to wit, on the —— day of ——, in the year of our Lord one thousand eight hundred and ninety-two, at the said Western district of Virginia, and within the jurisdiction of this court, the said G. F. Mayers being then and there an officer of the United States, to wit, postmaster at Stevens City, Virginia, charged with the payment of an appropriation made by an act of congress, to wit, an appropriation for the payment of letter carriers at experimental free delivery offices, did unlawfully pay to an employé of the United States, to wit, one Douglas K. Drake, and, to wit, one Edgar C. Cadwallader, who were then and there employés of the United States, to wit, letter carriers, a sum less than that provided by law, to wit, the sum of $122.92, and required said employés to give vouchers for an amount greater than that actually paid to and received by them, to wit, the sum of $306.17, against the peace of the said United States and their dignity, and against the form of the statute of the said United States in such case made and provided."

There are two other counts in the indictment, each to the same effect, charging in the second count that the defendant took from one Douglas K. Drake, an employé of the United States, a receipt for $73.50, whereas he had paid to said Douglas K. Drake only the sum of $31.25; and charging in the third count that said defendant had taken from one Edgar C. Cadwallader, an employé of the United States, a receipt for $231.66, whereas he had paid only the sum of $91.66 to said Edgar C. Cadwallader.

The first question to be determined is:    Is the defendant, as postmaster, an officer, within the provisions of section 5483, charged with the payment of any of the appropriations made by an act of congress? Second.    If he is such an officer, is there an offense charged in this indictment of which this court has jurisdiction?

As to the first question, section 3639 of the Revised Statutes of the United States provides as follows:

"Sec. 3639.    The treasurer of the United States, all assistant treasurers, and those performing the duties of assistant treasurers, all collectors of customs, all surveyors of the customs, acting also as collectors, all receivers of public moneys at the several land offices, all postmasters, and all public officers of whatsoever character are required to keep safely, without loaning, using, depositing in banks, or exchanging for other funds than as specially allowed by law, all the public money collected by them, or otherwise at any time placed in their possession or custody, till the same is ordered, by the proper department or officer of the government, to be transferred or paid out; and when such or-

ders for transfer or payment are received, faithfully and promptly to make the same as directed, and to do and perform all other duties as fiscal agents of the government which may be imposed by any law, or by any regulation of the treasury department made in conformity to law. * * *"

This section (3639) designates postmasters as one class of fiscal agents of the government, by whom public money may be collected, or into whose possession and custody it may otherwise be placed. It provides for the safe-keeping of the public money, and provides the mode for transferring or paying out the same, viz. by an order of the proper department or officer of the government, and, when such order for payment is received, to faithfully and promptly make the same as directed. They are further required "to do and perform all other duties as fiscal agents of the government which may be imposed by any law, or any regulation of the treasury department made in conformity with law."

Section 161 of the Revised Statutes provides as follows:

"Sec. 161. The head of each department is authorized to prescribe regulations, not inconsistent with law, for the government of his department, the conduct of its officers and clerks, the distribution and performance of its business, and the custody, use, and preservation of the records, papers, and property appertaining to it."

Section 396 of the Revised Statutes prescribes what shall be the duty of the postmaster general, and, among other things, requires (seventh clause) him "to superintend the disposals of the moneys of the department," and (ninth clause) "to superintend generally the business of the department, and execute all laws relative to the postal service."

Section 3866 of the Revised Statutes requires the postmaster general to fix the salaries of letter carriers within certain limitations.

Under the regulations of the post-office department, letter carriers are paid by the postmasters at the offices at which they serve out of the postal funds. Postal Laws and Regulations, § 180.

The indictment alleges that the defendant was charged with the payment of an appropriation made by an act of congress, to wit, "an appropriation for the payment of letter carriers at experimental free delivery offices."

Under then-existing laws, letter carriers could not be appointed in cities of less than 10,000 population, or at any post office which produced a gross revenue for the preceding fiscal year of less than $10,000. Act Jan. 3, 1887 (24 Stat. 355). But a joint resolution was passed by congress on October 1, 1890, providing for "experimental free delivery" at small offices. The resolution is as follows:

"Resolved by the senate and house of representatives of the United States of America in congress assembled, that the postmaster general be enabled to test at small towns and villages the practicability and expense of extending the free delivery system to offices of the third and fourth classes, and other offices not now embraced within the free delivery, said test to be made on petition of the patrons, and in the discretion of the postmaster general, the sum of ten thousand dollars, which sum shall be taken from the amount appropriated for the free delivery service for the fiscal year ending June thirtieth, eighteen hundred and ninety-one, and shall be applied to the payment of carriers for one hour or two hours per day, as may be necessary for the convenience of the public and advantage of the postal service, said pay to be fixed

81 F.—11

by the postmaster general at rates not exceeding the present maximum rates for pay of carriers."

The joint resolution of October 1, 1890, just quoted, clearly authorizes and empowers the postmaster general to employ letter carriers for this special, experimental free delivery service, and to fix the rates at which they should be paid so as not to exceed the maximum rates then being paid to letter carriers. It places these carriers, in their relation to the post-office department, as to their compensation, on the same footing as other carriers, and has made no change in existing laws or the postal regulations as to the manner in which they shall be paid; and, in the absence of any declaration on the part of congress to the contrary, it is to be presumed that they are subject to the same regulations and paid in the same manner as other carriers. The only difference the court sees between the two sets of letter carriers in this respect is that other letter carriers are paid by the postmaster at the offices at which they serve out of the postal funds, while the experimental free delivery carriers are to be paid by the postmaster at the post offices at which they serve out of the appropriation made by congress for the purpose.

The demurrer admits whatever is well alleged in the indictment. The charge in the indictment is in the language of the statute, and the indictment is therefore not defective in matter of form; and the court is of opinion that the defendant, being a postmaster, was an officer of the United States, within the meaning of the statute, and, as such, was charged with the payment of an appropriation made by an act of congress. The demurrer is overruled.